
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 10 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ASHBEA TAYLOR WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>M. BRECKON, )<br>)<br>Respondent. ) | Civil Action No. 7:19cv00387<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>Senior U. S. District Judge |

Ashbea Taylor Williams, a federal inmate housed at the United States Penitentiary in Lee County, Virginia, and proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he was denied due process concerning three disciplinary convictions in 2016 and 2017. This matter is before me on respondent's motion for summary judgment. For the reasons that follow, I conclude that the respondent's motion must be denied.

I.

On May 7, 2016, Williams was charged with a disciplinary infraction for possessing drugs. A disciplinary hearing was held on May 18, 2016. The Disciplinary Hearing Officer ("DHO") found Williams guilty and, among other sanctions, imposed a penalty of disallowance of forty days of good conduct time. Williams alleges that on May 30, 2016, he requested that the DHO provide him with a written statement of the evidence relied on and the reasons for the sanctions

imposed, but he did not receive a response or the DHO report.

On June 27, 2017, Williams was charged with a disciplinary infraction for destroying evidence during a search, after he flushed a drug pipe down a toilet. A disciplinary hearing was held on July 6, 2017. The DHO found Williams guilty and, among other sanctions, imposed a penalty of disallowance of forty days of good conduct time. Williams alleges that on July 31, 2017, he requested that the DHO provide him with a written statement of the evidence relied on and the reasons for the sanctions imposed, but he did not receive a response or the DHO report.

On August 27, 2017, Williams was charged with a disciplinary infraction for fighting, after he hit another inmate with closed-first punches. A disciplinary hearing was held on August 30, 2017. The DHO found Williams guilty and, among other sanctions, imposed a penalty of disallowance of twenty-seven days of good conduct time. Williams alleges that on September 25, 2017, he requested that the DHO provide him with a written statement of the evidence relied on and the reasons for the sanctions imposed, but he did not receive a response or the DHO report.

Williams alleges in his verified petition that, at the time he filed this action, he had not received a written statement of the evidence relied on or the reasons relied on for the sanctions imposed for any of the three disciplinary convictions.

Respondent filed a motion for summary judgment, arguing that Williams failed to exhaust administrative remedies before filing this petition and, that his

claims nevertheless are meritless because he did receive each of the DHO reports at the time of each conviction.

In response to respondent's motion, Williams argues that he could not exhaust administrative remedies because he did not receive copies of the DHO reports prior to filing this action and because Bureau of Prisons ("BOP") staff failed to provide him with appropriate administrative remedy forms, despite his requests for them.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, .... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and

3

draw all reasonable inferences in the light most favorable to the nonmoving party. See id. at 255; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

## III.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1. "An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law." Moses v. Bledsoe, No. 1:03cv149, 2004 U.S. Dist. LEXIS 28924, at *6, 2004 WL 3317657, at *2 (N.D. W. Va. 2004). Certain procedural safeguards apply when loss of statutory good conduct time is at issue. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). These due process protections include: 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. Id. at 563-71.

Ordinarily, federal prisoners must exhaust *"available"* administrative remedies prior to filing § 2241 petitions. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973) (emphasis added). When "legitimate circumstances beyond

the prisoner's control preclude him from fully pursuing his administrative remedies [the court] excuses this failure to exhaust." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Moore v. Bennette, 517 F.3d 717, 725, 725 (4th Cir. 2008) (concerning availability of remedies under the Prisoner Litigation Reform Act).

## IV.

Respondent argues that Williams contemporaneously received copies of the DHO reports for each of his disciplinary convictions and that he failed to exhaust administrative remedies before filing this action. Williams avers in his petition that he did not receive the reports, and he states in his response to the motion for summary judgment that he could not exhaust remedies because BOP staff would not give him the appropriate forms to exhaust. I find material disputes of fact exist concerning whether Williams received the reports and whether administrative remedies were available to him. Accordingly, I will deny respondent's motion for summary judgment.

## V.

Although I am denying respondent's motion for summary judgment on the grounds raised by respondent, I note that delayed receipt of a DHO report, without more, is not a due process violation. Muldrow v. Bolster, No. 2:19cv5, 2019 U.S. Dist. LEXIS 174216, at *12-13 (E.D. Va. Aug. 27, 2019); Shahan v. Ormond, No.

5

3:18cv200, 2018 U.S. Dist. LEXIS 214149, at *20, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018); Pinson v. Berkebile, 528 F. App'x 822, 826-27 (10th Cir. 2013) (finding no prejudice to prisoner challenging disciplinary proceeding from multi-year delay in delivery of DHO report). The only authority setting a putative time limit on delivery of DHO reports is the BOP Program Statement, which states that a prisoner should receive a copy of the report "<u>ordinarily</u> within 15 work days of the decision." BOP Program Statement, Inmate Discipline Program, Policy No. 5270.09, § 541.8(h) (emphasis added). "[T]he BOP's violations of its own policies do not amount to a due process violation." Bauer v. Warden FCI Williamsburg, No. 6:16cv304, 2017 U.S. Dist. LEXIS 9738, at *5, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017). "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999). Although the parties dispute whether Williams received the DHO reports prior to filing this action, there is no dispute that Williams has now received the DHO reports as exhibits to respondent's motion for summary judgment. See ECF Nos. 9-2, 9-4, and 9-5. Accordingly, without a showing of prejudice, Williams' claims concerning the delayed receipt of the DHO reports now appear to be moot. However, given the circumstances of this case, I will allow Williams an opportunity to address any prejudice he suffered as a result of the delayed receipt of the DHO reports and to show cause within twenty-one days why

this action should not be dismissed as moot.[1]

**ENTER**: This 10th day of March, 2020.

_Jackson L. Kiser_
Senior United States District Judge

---

[1] Williams has also filed a motion to expedite this proceeding. See ECF No. 12. In the motion, he contends that he was scheduled to be released from incarceration three days after the court received his motion. However, a review of the BOP inmate locator found online reveals that Williams has more than a year left to serve on his sentence. Even if Williams were to obtain the relief he seeks in this action, there is no evidence that success would lead to his immediate release. Further, I have no cause to believe that this matter will not be resolved well before he is released from incarceration. Accordingly, I find no reason to expedite this matter and will deny his motion.